UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PIERRE FOUCHE (1),<br><br>　　　　　　　　　　　　Defendant. | Case Nos.: 91CR1217-JLS<br>　　　　　　　16CV1311-JLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 USC § 2255** |

Presently before the Court is Defendant Pierre Fouche's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 120). The Government has filed a Response and Opposition to Defendant's motion and Defendant has filed a reply, supplemental briefing, and a supplemental notice. Having considered these submissions, the applicable legal authority, and the record in this case, the Court will grant Defendant's motion.

## BACKGROUND

On April 22, 1992, Defendant was convicted after a jury trial on three counts of a superseding indictment. Count 1 charged Defendant with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); Count 2 charged felon in possession of a

1

firearm in violation of 18 U.S.C. §§ 922(g) and 924(e)(1); and Count 3 charged use of a firearm during commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1). Def. Mot, ECF No. 120, Ex. A.

Defendant was sentenced on August 21, 1992 to a total of 387 months' imprisonment. The sentencing judge found that Defendant was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), and a career offender under § 4B1.1 of the United States Sentencing Guidelines. These enhancements resulted in a final guideline range of 262-327 months, with a mandatory 60-month consecutive sentence to follow. Defendant was sentenced to 147 months' imprisonment for Count 1; 180 months' imprisonment for Count 2, to run consecutive to Count 1; and 60 months' imprisonment for Count 3, to run consecutive to Counts 1 and 2. *Id.,* Ex. C.

Defendant's conviction was affirmed on appeal, as was the trial court's denial of a motion to vacate sentence brought by Defendant pursuant to 28 U.S.C. § 2255. ECF No. 89. On June 1, 2016, Defendant received authorization to file a second 28 U.S.C. § 2255 motion in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). ECF No. 120-1.

## ANALYSIS

In *Johnson v. United States*, *supra*, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague. Under the ACCA, a sentencing judge is required to impose a mandatory 15-year minimum sentence for a conviction under 18 U.S.C. § 922(g), the offense of Defendant Fouche's second count of conviction, when the defendant has three or more prior convictions for a "serious drug offense" or a "violent felony." "Violent felony" is defined as a felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

The second clause of Subsection (ii), italicized above, is what has come to be known as the residual clause. This clause was struck down in *Johnson,* but the force/elements clause, subsection (i) above, and the enumerated-offenses clause, the first clause of subsection (ii) above, were untouched. In *Welch v. United States*, 136 S.Ct. 1257, 1268 (2016), the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review.

In this case, the sentencing judge found that the ACCA enhancement to Count 2 was appropriate based on three prior convictions: two 1984 convictions for bank robbery in violation of 18 U.S.C. § 2113, and a 1976 conviction for robbery in violation of California Penal Code § 211. Defendant contends that, under *Johnson*, the California robbery conviction no longer qualifies as a predicate offense under the Armed Career Criminal Act. Defendant points to *United States v. Dixon*, 805 F.3d 1193 (9th Cir. 2015), a decision in which the Ninth Circuit Court of Appeals recognized that a conviction for robbery under Cal. Penal Code § 211 is not a "violent felony" for purposes of the ACCA. Thus, with less than three qualifying prior convictions, Defendant's sentence as to Count 2 would be limited to the 10-year statutory maximum term of imprisonment for the offense, as opposed to the 15-year sentence mandated under the ACCA.[1] Defendant is scheduled to be released on January 30, 2020, therefore a 5-year reduction in his sentence would qualify him for immediate release.

The Government responds that Defendant's motion is barred by the statute of limitations because he has not established that he was sentenced under the residual clause of the ACCA. In the Government's view, Defendant cannot meet his burden of proving that he is entitled to habeas relief without establishing that he was in fact sentenced under

---

[1] Defendant raises additional arguments with respect to *Johnson's* impact on the federal bank robbery statute, 18 U.S.C. § 2113(d), the residual clause in 18 U.S.C. § 924(c), and the Career Offender Sentencing Guidelines. However, because the Court is persuaded that Defendant is entitled to immediate relief on the ACCA argument, Defendant's remaining arguments will not be addressed.

the residual clause as *Johnson*—and *Johnson's* retroactivity—apply only to the ACCA's residual clause.  If Defendant were sentenced under the force/elements clause, he would have missed the one-year time limitation established under 28 U.S.C. § 2255(f)(1) by over a decade.

The Government points out that at the time of sentencing, the district court never suggested that Defendant's prior Cal. Penal Code § 211 conviction constituted a serious violent felony under the residual clause of the ACCA.  On the other hand, the district court also never suggested it was relying on the force/elements clause in its determination that the conviction constituted a serious violent felony.  The record is silent as to the particular definition the district court applied in its determination.

The Court might find the Government's position more compelling if there were some showing that there was binding precedent at the time of sentencing categorically classifying Cal. Penal Code § 211 as a violent felony under the force/elements clause. However, the Government concedes that its own sentencing memorandum cited Ninth Circuit authority establishing the Cal. Penal Code § 211 offenses constituted crimes of violence under 18 U.S.C. § 16(b)'s residual clause language (different, but analogous to Section 924(e)'s residual clause language), and the Ninth Circuit did not identify Cal. Penal Code § 211 as falling under the force/elements clause until 1994, two years after Defendant Fouche was sentenced.  Therefore, the Court cannot be confident that the residual clause did not affect Defendant's sentence.

The Ninth Circuit has recently determined that when it is unclear from the record whether the sentencing court relied on the residual clause, the defendant's § 2255 claim "relies on" the constitutional rule announced in *Johnson* for purposes of the one-year limitation period set forth in 28 U.S.C. § 2255(f)(3).[2] *United States v. Geozos,* 2017 WL

---

2  28 U.S.C. § 2255(f)(3) proscribes a one year period of limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

4

3712155 (9th Cir., August 29, 2017). Thus, because the record is not clear which clause the sentencing court relied upon in its determination that Defendant's prior conviction constituted a violent felony, the Court finds that Defendant's claim is timely because it was filed within one year of the Supreme Court's decision in *Johnson*.

Turning to the merits of Defendant's claim with respect to his sentence on Count 2, it is undisputed that the Ninth Circuit has held that a conviction under Cal. Penal Code § 211 "cannot serve as a predicate 'violent felony' conviction for the application of a mandatory minimum sentence under the ACCA." *Dixon*, 805 F.3d at 1199. The *Dixon* court observed that Cal. Penal Code § 211 encompasses conduct broader than the ACCA's definition of "violent felony" because it encompasses conduct which does not meet the generic definition of extortion (thereby failing the enumerated-offenses clause) and conduct that results from the accidental or negligent use of force (thereby failing the force/elements clause). *Id.* at 1197. The *Dixon* court went on to determine Cal. Penal Code § 211 is not divisible. *Id.* at 1198.

The Government contends that Defendant's § 211 conviction survives *Dixon* because Defendant was also convicted of a sentence enhancement under Cal. Penal Code § 12022.5[3] which required a jury finding that Defendant "used" a firearm in the commission of his offense. The Government indicates that under California law, "use" in this context requires instilling fear or harm or force with the firearm in order to facilitate the underlying offense and does not include passive displays of weapons. Thus, the Government contends that, particularly in light of *Alleyne v. United States*,[4] the jury's

---

3  Cal. Penal Code § 12022.5(a) provides that "any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense."
4  133 S.Ct. 2151 (2013) (holding that any fact that increases the mandatory minimum sentence for a crime is an element of the crime, not a sentencing factor, that must be submitted to jury).

5

finding with respect to the sentence enhancement is sufficient to satisfy the force/elements clause of the ACCA's violent felony definition.

The Court disagrees that the sentence enhancement in this case is sufficient to transform Defendant's California robbery conviction into a violent felony under the ACCA post-*Johnson*. Binding Ninth Circuit authority establishes that Cal. Penal Code § 211 is not a violent felony under the ACCA and further establishes that the statute is not divisible. *Dixon, supra*. Where the statute at issue is indivisible, the Court's inquiry must end, "because a conviction under an indivisible, overbroad statute can *never* serve as a predicate offense." *Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014) (citing *Descamps v. United States*, 133 S.Ct. 2276, 2286 (2013). Thus, the Court's inquiry must end at the determination that Defendant's offense of conviction no longer qualifies as a crime of violence under the ACCA. *Accord, Ramirez v. Lynch*, 810 F.3d 1127, 1135 n.2 (9th Cir. 2016)("as we conclude that section 273a(a) is indivisible, we decline to examine the sentence enhancement, which is not a "crime" of which Ramirez was "convicted"); *United States v. Heflin*, 195 F.Supp.3d 1134, 1139 (E.D. Cal. 2016)("Where, as here, the statue is indivisible, a district court may not reach beyond the fact of whether the conviction exists.").

Furthermore, even if the Court were to examine the sentence enhancement, the Court is not persuaded that it would be sufficient to qualify the offense as a violent felony. For an offense to qualify as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i), the force/elements clause, the offense must have "as an element the use, attempted use, or threatened use of physical force against the person of another." The physical force used must be "violent force," or "force capable of causing physical pain or injury to another person." *Dixon*, 805 F.3d 1193 at 1197, quoting *Johnson v. United States (Johnson I)*, 559 U.S. 133, 140 (2010).

A sentence enhancement under Cal. Penal Code § 12022.5 requires proof that a person personally used a firearm in the commission of felony, or attempted felony.

6

| 1 | While "use" under this statute requires more than passive possession of a firearm, the
| 2 | California Supreme Court has held that the term is to be broadly construed and
| 3 | encompasses conduct which actually produces harm *or* conduct which produces a fear of
| 4 | harm or force by means or display of a firearm. *People v. Chambers*, 7 Cal.3d 666, 780-
| 5 | 81 (1972).

Relying on this broad definition, one California court held that a similar use of firearm enhancement was applicable in a situation where the victim never even saw the firearm, but the defendant displayed his firearm to a co-defendant and thereby emboldened the co-defendant to shoot at the victim. In *People v. Thiessen*, the court held that *Chambers* does not limit the sentence enhancement to only those cases where the display of a weapon causes a fear of harm in the victim but also encompasses conduct that "actually produces harm." 202 Cal. App. 4th 1397, 1405 (2012). Thus, by using his gun to embolden his co-defendant, the "defendant used his gun in a way that helped actually produce harm." *Id.* Thus, California case law makes it clear that one can qualify for the § 12022.5 sentencing enhancement without the threatened use of violent physical force against the person of another. Therefore, even if the Court were to consider the sentencing enhancement, the Court would find Defendant's enhanced Cal. Penal Code § 211 conviction insufficient to form a predicate offense for the ACCA 180-month mandatory minimum sentence imposed in Count 2. Accordingly, the Court finds Defendant is entitled to relief.

///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is GRANTED. The Court HEREBY VACATES Defendant's sentence as to Count 2. Because Defendant has already been in prison longer than the total sentence that would result from a non-ACCA-enhanced sentence for Count 2, Defendant shall be released from custody immediately.

IT IS SO ORDERED.

Dated: September 18, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge